Mathews, J.
delivered the opinion of the court. In this case the plaintiffs and appellees have resorted to the defendant for evidence to support their claim by interrogatories, as authorized by law. He swears, positively, that he is accountable only for $1000, on the con *310 tract entered into between him and the testator of the plaintiffs.
To rebut these answers, the testimony of one witness, and an account current between the deceased Baud, and Shipp, Kay & Co. is offered. The affidavit of the witness, which is received as evidence, is not absolutely contradictory to the answers of the defendant; and it does not appear from the evidence in the case, that Kay, who is here appellant, was a partner of the firm of Shipp, Kay & Co. Nor does it appear in any other way, except as assumed by the judge of the district court, that Kay made the entries in commercial books of said company, as exhibited in the account current. It has been often determined by this court, that the averment of facts, assumed by the inferior tribunals in giving judgments, will not be acknowledged by the appellate court, as established in pursuance of law.
After strict examination of the whole evidence in this cause, we are of opinion, that the answers of the defendant are not contradicted, as required by the act of 1805. It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed; and proceeding here to give such judgment as ought there to have *311 been rendered, it is further ordered, adjudged and decreed, that the plaintiffs and appellees do recover from the defendant and appellant, the sum of three hundred and thirty-nine dollars and fifty-four cents, with legal interest; and that the appellees pay the costs of this appeal; and that the appellant pay costs in the court below.
Bullard for the plaintiffs, Thomas for the defendant.