No. 4890.

(Court of Appeal, Parish of Orleans.)

## KEYSTONE LIFE INSURANCE COMPANY OF LOUISIANA vs. MRS. SARAH ANN McARDLE, WIFE OF A. L. BLUM AND A. L. BLUM.

Dart & Kernan for plaintiff and appellee.

Henriques & Duchamp for plaintiff and appellee.

Dinkelspiel, Hart & Davey for defendant.

McCloskey & Benedict for appellant.

GODCHAUX, J.—Plaintiff sues on a mortgage note of $2,000, dated January 18, 1906, and payable one year thereafter; and defendant, the maker, seeks to establish a credit in her favor of $750.00 for payments on account she claims to have made. In this Court she concedes that credit for payment of $215.00, made a month after the date of the note, cannot be properly claimed as against plaintiff company, which subsequently and before the maturity of the note—that is, on November 6, 1906— acquired, in good faith and without knowledge of such payment, this note together with other mortgage paper, from Robert J. Maloney, for face value and accrued interest.

Consequently the total credit originally claimed is here reduced to $500,00, consisting of payments to Maloney,

made, respectively, on January 23, 1907, and February 25, 1908. As the burden devolves upon defendant, who pleads payment, to show that payment was made to the holder or to one authorized on its behalf, she must show that Maloney, to whom the payments were actually made, was, in fact, authorized to receive said payments on behalf of the plaintiff, the holder and owner at the time the payments were made.

This burden she has failed to support. The force of that part of Capt. Delahoussaye's testimony upon which she relies to establish Maloney's agency of the company, is destroyed by the positive statements of this same witness to. the effect that Maloney was never clothed with the particular authority which she seeks to establish. So also with reference to the proof of the official positions with the company that Maloney occupied. None of the positions, as such, carried with it the power or right to act as agent of the company in this transaction, and it appears on the other hand, from the testimony of defendant herself, that during this period Maloney was her own lawyer and notary as well. The testimony, as a whole, supports plaintiff's position rather than that of defendant. Particularly is this true when it is read in the light of the fact that Maloney, in order that his fraudulent designs might not be discovered or frustrated by plaintiff and defendant directly dealing and coming in contact with each other, at the outset demanded that notices of maturity of principal or interest and all other communications with reference to the notes, be addressed to him instead of to the makers, whom he stated were clients of his.

This request, contained in a letter written to the company by Maloney, wherein he guaranteed the obligation of the makers of the notes sold, evidences that Maloney, at least, conceived that his position in the transaction would thereafter be that of agent of defendant, whose interest,

on account of the guarantee, would be identical with his and adverse to the interest of plaintiff, the holder of the note.

Moreover, Mrs. Blum never dealt with Maloney as agent of plaintiff, but made all payments to him as if he were personally the holder and owner of the note. Her present claim that he was plaintiff's agent is merely an after-thought, which she never for a moment entertained when she made these payments, but which, upon discovery of the fraud, she now attempts to establish to plaintiff's prejudice and in order to avert loss to herself.

But were we even to concede that the evidence is equally balanced upon the question of the identity of Maloney's principal, there is one salient feature of the transaction which is destructive of defendant's right of recovery. This consists in defendant's negligence in making these payments without inquiry as to the whereabout of ownership of the note itself, without demanding a view thereof, or the indorsement of payment thereon. The note remained at all times in the exclusive possession of plaintiff, and were it not for defendant's negligence, Maloney's fraud would have been impossible of execution and the loss suffered by reason thereof would never have occurred. Under such circumstances the Court has no other alternative than to place the loss upon that party whose negligence caused it.

> Schepp vs. Smith, 35 An. 79; Bank vs. Flathers, 45 An. 79; 7 Cyc. 1017; see, also, Tew vs. Labiche, 4 An. 526; Welsh vs. Brown, 10 Martin, 310.

We see no reason to disagree with the conclusion of the lower Court, and, accordingly, the judgment is affirmed.

March 7, 1910.

Rehearing refused March 21, 1910.

Writ refused by Supreme Court April 14, 1910.